UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY JOE LYON, SR.,<br><br>     Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Case No. 3:23-cv-05386-TLF<br><br>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |

Before the court is Commissioner of Social Security's ("the Commissioner") motion (Dkt. 25) to reconsider the court's order reversing the ALJ's decision, granting plaintiff's motion for summary judgment, and remanding for the immediate calculation and award of benefits (Dkt. 23). The Court did not request briefing from Plaintiff. For the reasons discussed below, the Court denies the Commissioner's motion.

I. Legal Standard

In general, there are four grounds that would support a Rule 59(e) motion: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; or (2) necessary to present newly discovered or previously unavailable evidence; or (3) necessary to prevent manifest injustice; or (4) justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), *cert. denied*, 529 U.S. 1082 (2000)). However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate*, 634 F.3d at

1111 (internal quotation marks omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

II.     Procedural Background

On May 5, 2023, plaintiff filed this action seeking reversal of the Commissioner's decision to deny benefits for Disability Insurance Benefits and Supplemental Security Income. Dkt. 4. On May 20, 2024, the Court reversed the ALJ's decision, and remanded the matter to the Commissioner for the calculation and award of benefits. Dkt. 23.

The Court found that although the ALJ relied on Dr. Eugene Kester's opinion, the ALJ failed to include in the RFC Dr. Kester's specific opinions that Plaintiff's ability to "maintain attention and concentration for extended periods" and "carry out detailed instructions" were moderately limited, and thus, the ALJ erred in formulating the RFC. Instead, the ALJ formulated an RFC that limited Plaintiff to jobs requiring the ability to perform "simple, routine work."

The Court found that the error was not harmless because the ALJ used hypothetical facts of "simple, routine work" in questioning the vocational expert on whether the hypothetical individual would be able to perform the requirements of the representative occupations and subsequently found that Plaintiff was not disabled as a result.

The court therefore remanded for payment of benefits, under the authority *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). On May 30, 2024, the Commissioner moved to alter or amend the court's judgment. Dkt. 25. The motion argues (1) there was no conflict between Dr. Kester's and Dr. Reade's mental RFC findings and the ALJ's

RCFC assessment; and (2) it was legal error to remand for payment of benefits rather than for further proceedings.

III.   Analysis

The court will deny the Commissioner's motion because its order reversing the ALJ's decision and remanding for the payment of benefits is not based on a manifest error of law.

First, the ALJ's RFC determination (i.e., that plaintiff is able to understand, remember, and carry out simply, routine work) does not include the ALJ's finding that Plaintiff had moderate limitation in ability to concentrate, persist, or maintain pace. The error is not harmless as the ALJ used hypothetical facts of "simple, routine work" in questioning the vocational expert on whether the hypothetical individual would be able to perform the requirements of the representative occupations and subsequently found that Plaintiff was not disabled as a result. AR 1667. Defendant did not address in its brief why the error was not harmless regarding this question posed to the vocational expert.

With respect to the Court's decision to remand for award of benefits, the Ninth Circuit has held that remands for the payment (or award) of benefits should occur only in the "rare circumstances" where it is called for. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (instructing that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," but remanding for an award of benefits, in this "rare circumstance" where such an award is appropriate) (some internal quotation marks omitted); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("Our case law strikes a balance between the ordinary

remand rule that generally guides our review of administrative decisions and the additional flexibility provided by § 405(g), and thus we generally remand for an award of benefits only in 'rare circumstances,' *Moisa*, 367 F.3d at 886, 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed'") (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (internal quotation marks omitted)).

This does not mean however, that this court should mechanically deny remands for payment of benefits even in the rare circumstances where it is appropriate, solely to achieve the end result of rarely granting the remedy. To the contrary, the Ninth Circuit, in numerous decisions has made clear that when those rare circumstances are present, the district court errs by failing to apply the remedy of remand for payment of benefits. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014) ("[a]pplying our settled 'credit-as-true' rule, we reverse the judgment below with instructions to remand this case to the ALJ for the calculation and award of benefits"); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1165 (9th Cir. 2012); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1118 (9th Cir. 2006).

Here, in the hypothetical to the V.E., the ALJ asked whether there would be a tolerance for off-task behavior in unskilled work. AR 1669. The V.E. responded that if the employee's off-task behavior amounted to being more than 10% less productive than the average worker, then there would be a high risk of termination. AR 1670. Being moderately limited in ability to maintain concentration, persistence, and pace, may also influence productivity and being on- or off-task. See POMS 25020.010(B)(2), (B)(3)(d),

ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION - 4

(i). The record, as it stands, has been fully developed, and if the ALJ properly considers the Plaintiff's limitations in his RFC and the hypothetical asked to the V.E. reflects such limitations, the ALJ would be required to find Plaintiff disabled. Thus, further administrative proceedings would serve no useful purpose.

For the aforementioned reasons, the Commissioner's motion for reconsideration is DENIED.

Dated this 5th day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION - 5